-NO CV-30
-I/S 21

Mojdeh M. Daneshrad, Esq
5035 Escobedo Drive,
Woodland Hills, CA 91364
(818) 991-0519 | (818) 475-5336
completionlawfirm@yahoo.com

**FILED**
CLERK, U.S. DISTRICT COURT
12/15/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

FEE PAID

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOJDEH M. DANESHRAD,<br><br>    Plaintiff,<br><br>vs.<br><br>EMMA VALENCIA (An individual); NEW AMERICAN FUNDING (a corporation); and BROKER SOLUTIONS, INC. (a corporation),<br><br>    Defendants, | Case No.: 8:21-cv-02077 -JVS-(KESx)<br><br>CIVIL COMPLAINT |

**COMES NOW**, **MOJDEH M. DANESHRAD**, Plaintiff, and makes the following complaint against all the Defendant's as named herein:

## JURISDICTION

1.

Plaintiff DANESHRAD is a resident of Los Angeles. The claims hereinafter stated arose in whole or part in Los Angeles County, California.

CIVIL COMPLAINT - 1

2.

Defendant, EMMA VALENCIA, is a resident of Orange County and may be served with process at: 14511 Myford Rd. Ste 100, Tustin, CA 92780

3.

Defendant, NEW AMERICAN FUNDING, is a California Corporation doing business in California, who may be served with process at 14511 Myford Rd. Ste 100, Tustin, CA 92780

4.

Defendant, BROKER SOLUTIONS, INC., is a California Corporation doing business in California who may be served with process at 14511 Myford Rd. Ste 100, Tustin, CA 92780

**FACTS**

5.

Plaintiff intended to purchase two properties one located at: 5035 Escobedo Drive, Woodland Hills, CA at a purchase price of $794,000, the other property in question is located at 14818 Round Valley Drive, Sherman Oaks, CA and is to be purchased for $1,854,000. Plaintiff (Herein named as "Mojdeh") Was informed that Emil Khodorkovsky was the Broker that would be best suited for the loans on the aforementioned properties. "Mojdeh" was unable to reach Mr. Khodorkovsky as he was out of town. "Mojdeh" subsequently contacted Defendant Emma Valencia for assistance. Shortly after "Mojdeh" spoke with Defendant Valencia, she was contacted by Mr. Khodorkovsky. "Mojdeh"

CIVIL COMPLAINT - 2

subsequently informed Defendant Valencia not to work on the loans, and that other arrangements had been made.

6.

Even after Defendant Valencia was informed that services were not needed, Defendant Valencia called "Mojdeh" constantly until her call was finally answered. Defendant Valencia pleaded with "Mojdeh" to "give her a chance and let her do better than them." "Mojdeh" sent Defendant Valencia the offer from the other Company that "Mojdeh" was intending on doing business with, and Defendant Valencia sent back her quote and informed "Mojdeh" that it could be done in three weeks because she is the lender.

7.

Months Passed and "Mojdeh" was rushing for time and was finally given a loan at 8% with a prepayment penalty. "Mojdeh" informed Defendant Valencia that she would rather lose her $50,000 deposit then agree to a prepayment penalty on a loan at such a high rate. Defendant Valencia did remove the prepayment penalty but caused "Mojdeh" to have to refinance at an additional cost of $40,000. "Mojdeh" is now also forced to pay higher rates on the loans for both properties.

CIVIL COMPLAINT - 3

Defendant Valencia promised lower rates based on whether "Mojdeh" were to pay 20% down or 30% down for each purchase, and could get "Mojdeh" a loan with the following monthly payments:

- Escobedo would be either 3156 per month or 3606 per month
- Round Valley, the monthly payments would be $4446 or $5003 per month.

Relying on Defendant Valencia's promise "Mojdeh" removed contingencies on or about October 27, 2018. Defendant Valencia being aware that "Mojdeh" was to close on November 2, 2018, for Escobedo had promised to perform before that date which was not done.

Defendant Valencia failed to perform on time. Seller of Escobedo agreed to extend the escrow time for my loan process conditioned on an agreement that "Mojdeh" pays $100 per day for every day after November 14, 2018. Defendant Valencia promised to reimburse "Mojdeh" for this per diem penalty for her failure to perform on time. I incurred approximately $600 which Defendant Valencia did not reimburse "Mojdeh" for even though it was an agreed term.

She did not do better for me at the end and the interest rate was 5.99% about 1% more than what the other broker had promised with the monthly payment of $3,804 per month which is $200 per month more than the maximum monthly payment she promised.

CIVIL COMPLAINT - 4

As for Round Valley Defendant Valencia delayed the processing of the loan until "Mojdeh" had no choice but to accept Defendant Valencia's terms which turned out to be an interest rate of **7.99%** which is 2.74% more than what the other broker promised and monthly payment of **$10,872.86** which is more than double the monthly payment Defendant Valencia originally promised. No explanation was given for these acts in direct breech of contract. Defendant Valencia also has promised to charge one point for the loan for Round Valley and ended up charging 1.5 points instead.

The breach of this contract by the Defendants was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute an independent tort.

8.

As a direct and proximate result of the Defendants' wrongful conduct as described in this Complaint, the Plaintiff has suffered, and continues to suffer, damages. The exact amount of these damages is unknown but are believed to exceed $80,000. The information necessary to calculate these damages has been withheld from the Plaintiff by the Defendants. Moreover, the Defendants' wrongful conduct constitutes bad faith and involves such willfulness and

CIVIL COMPLAINT - 5

maliciousness that it rises to the level of an independent tort or torts, thus entitling the Plaintiff to recover punitive damages from the Defendants.

9.

Given the conduct of the Defendants and the pecuniary ability or financial worth of the Defendants, punitive damages necessary for punishment of the wrongdoing, deterring the Defendants from similar conduct, and to make an example of the Defendants so others may be deterred.

## CLAIMS FOR RELIEF

10.

### A.  BREACH OF CONTRACT

The Defendants failure to act on the original terms of the contract in a manner proscribed by Defendant Valencia, constitutes a breach of contract. The fact that Defendant Valencia knowingly and wantonly permitted Plaintiff to cancel the original agreement with the first Broker which was at a lower rate, knowing that those terms offered by the previous Broker were unavailable to Defendant Valencia has caused a breech of contract. This willful breach of contract by the Defendants was attended by such malice, insult, and abuse that it constitutes an independent tort, thus entitling the Plaintiff to recover punitive

CIVIL COMPLAINT - 6

damages as well as actual damages, which were proximately and foreseeable caused by the Defendants' breach. The elements of said breech are as follows: (1) the existence of the contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.

11.

### B. BREACH OF IMPLIED-IN-FACT CONTRACT

Defendants' words to and conduct toward Plaintiff constituted an implied promise to give Plaintiff lower rates than the previous Broker was offering for the loans on the two properties. Defendants also implied that there would be reimbursement of the additional escrow charges caused by Defendant's delay in processing the loan.

Defendants breached that promise without compelling cause and in bad faith. The Defendants' promise in this respect was supported by adequate consideration, including but not limited to continued substantial detrimental reliance, and as a direct and proximate result of the Defendants' breach, the Plaintiff suffered general damages. The breach by the Defendants of their promise, which was willful or grossly negligent, was attended by such malice, insult, and abuse that it

CIVIL COMPLAINT - 7

constituted an independent tort, thus entitling the Plaintiff to recover punitive damages as well as actual damages.

12.

## C. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendants breached the above-described contract for reasons incompatible with good faith and fair dealing, as a proximate and foreseeable result of which the Plaintiff suffered damages. Defendant's breach falls well within the scope of *Cal. Bus. & Prof. Code § 17200* which states "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code", "The Truth in Lending Act", *Conditions for disclosed terms.* (i) A statement of the time by which the consumer must submit an application to obtain specific terms disclosed and an identification of any disclosed term that is subject to change prior to opening the plan. (ii) A statement that, if a disclosed term changes (other than a change due to fluctuations in the index in a variable-rate plan) prior to opening the plan and the consumer therefore elects not to open the plan, the consumer may receive a refund of all fees paid in connection with the application, and "Consumer Cost

CIVIL COMPLAINT - 8

Disclosure Act" *15 U.S.C. § 1601* which states **"**It is the purpose of this subchapter to assure a meaningful disclosure of the terms of leases of personal property for personal, family, or household purposes so as to enable the lessee to compare more readily the various lease terms available to him, limit balloon payments in consumer leasing, enable comparison of lease terms with credit terms where appropriate, and to assure meaningful and accurate disclosures of lease terms in advertisements".

The breach of contract was unsupported by any arguable reasons, was willful, malicious, and in bad faith.

13.

### D.  FRAUD IN THE INDUCEMENT

Defendants deliberately made promises to the Plaintiff when they expected that the Plaintiff would rely on those promises. Those promises were known by the Defendants to have created a reasonable expectation in the Plaintiff that the Plaintiff would receive a reduced loan rate better than what was offered by the previous Broker. The elements of this breech are: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiffs' ignorance of its falsity; (7) plaintiffs' reliance on the truth of the

representation; (8) plaintiffs right to rely upon the representation; and (9) damages suffered by the plaintiff.

Defendants' breach of their promises and assurances proximately caused the damages previously described in the Complaint, said damages were foreseeable and the Defendants' conduct causing these damages was attended by malice, willfulness, insult, and abuse, thus entitling the Plaintiff to recover punitive as well as actual damages.

14.

### E. PROFESSIONAL NEGLEGENCE

Defendants' unlawful conduct as previously described in this Complaint, was known to the Defendants to fall under the elements of a cause of action for professional negligence which are (1) the existence of the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence. The Defendants' conduct as previously described was outrageous, without legal or factual justification, was malicious and wanton, and thus entitles the Plaintiff to recover actual and punitive damages as previously described. The breach of

contract was unsupported by any arguable reasons, was willful, malicious, and in bad faith.

### F. NEGLIGENCE

Defendants' unlawful conduct as previously described in this Complaint, was known to the Defendants to fall under the elements of a cause of action for negligence Under California law, "[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).

Defendants' conduct as previously described was outrageous, without legal or factual justification, was malicious and wanton, and thus entitles the Plaintiff to recover actual and punitive damages as previously described. The breach of contract was unsupported by any arguable reasons, was willful, malicious, and in bad faith.

### RELIEF

Plaintiff prays for a judgment providing the following relief:

    1. Plaintiff seeks an estimated $100,000 in actual damages.

    2. Plaintiff seeks $50,000 in Punitive damages.

CIVIL COMPLAINT - 11

3. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

Dated this 15th day of December 2021.

/s/ *Mojdeh M. Daneshrad*
5035 Escobedo Drive,
Woodland Hills, CA 91364
(818) 991-0519
completionlawfirm@yahoo.com
Plaintiff in pro per

CIVIL COMPLAINT - 12

# CERTIFICATE OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MOJDEH M. DANESHRAD,
Plaintiff,

vs.

EMMA VALENCIA (An individual);
NEW AMERICAN FUNDING (a corporation);
and
BROKER SOLUTIONS, INC. (a corporation),
Defendants,

I, <u>MOJDEH M. DANESHRAD</u>, representing myself, do hereby certify that on this 15th day of December 2021 I served a copy of the foregoing on the opposing side by Certified mail/hand delivering a copy thereof to:

EMMA VALENCIA
14511 Myford Rd. Ste 100, Tustin, CA 92780
NEW AMERICAN FUNDING
14511 Myford Rd. Ste 100, Tustin, CA 92780
BROKER SOLUTIONS
14511 Myford Rd. Ste 100, Tustin, CA 92780

/S/ *Mojdeh M. Daneshrad*
Signed this 15th day of December 2021

CIVIL COMPLAINT - 13